■ CHARLES LA FORGE, Respondent, v. FAIRCHILD PUBLICATIONS, INC., et al., Appellants.— Order, entered on November 6, 1964, denying defendants' motion to dismiss the complaint for legal insufficiency, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the motion to dismiss the complaint granted, with $10 costs. Defendant, Fairchild Publications, Inc., has published for many years on five days of the week a newspaper containing current national and international news but largely emphasizing matters of interest to those in the men and boys' wear and textile industries. The article, that plaintiff claims invaded his privacy in violation of section 50 of the Civil Rights Law, consisted of a two-page pictorial story entitled "Fashion Follows a Pattern." The spread consisted of a dozen or more individual photographs taken at a race track of boys, young men and mature males each garbed in a sport jacket of a particular material. None of the individuals, including plaintiff, was identified by name or otherwise. The written matter accompanying the pictures stated, among other things, that the specified material of the jackets was a "runaway fashion" at the races and associated events. No claim is made that plaintiff consented to the use of the picture. We conclude, however, that the publication thereof was not "for advertising purposes or for the purpose of trade" within the meaning of section 51 of the Civil Rights Law. "A picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising within the prohibition of the statute * * * unless it has no real relationship to the article * * * or unless the article is an advertisement in disguise." (*Dallesandro* v. *Henry Holt & Co.*, 4 A D 2d 470, 471.) The pictures, examined in conjunction with the text of the spread, conclusively demonstrate that the illustrations related to an article of legitimate public interest to the more than 20,000 subscribers to defendant's publication and was neither direct, concealed nor subtle advertising. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.